IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LEVI S. MCCUISTION                                                                                          PLAINTIFF
ADC #139367

V.                              CASE NO.: 5:10CV00107 SWW/BD

RODRICK E. MALMAY, et al.                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.    Introduction:**

On April 19, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his original Complaint in this action pro se under 42 U.S.C. § 1983 (docket entry #2). Plaintiff is proceeding *in forma pauperis*. (#6)

In his Complaint, Plaintiff claims that Defendant Malmay wrongly disciplined him for exercising his first amendment rights. Plaintiff alleges that he was disciplined after using profanity towards Defendant Malmay. As a result of the disciplinary, Plaintiff was sentenced to fifteen (15) days in punitive isolation, and his classification was reduced. Plaintiff requests money damages and asks to be released from the Department of Correction's Grimes Unit. Plaintiff names as Defendants Rodrick Malmay, J. Maples, and Chad Davis.

**III.   Discussion:**

   A.    Standard

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility

when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    First Amendment

Here, Plaintiff admits that he used profanity towards Defendant Malmay, a correctional officer, in response to a direct order by Defendant Malmay. He complains that he was wrongfully disciplined for this conduct, citing his First Amendment right to free speech. To the extent that Plaintiff claims that Defendants violated his first amendment right of freedom of speech, the claim fails.

A prisoner's use of profanity to a prison guard is not a form of speech that enjoys protection under the First Amendment. See *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (internal citation and quotation omitted) ("standing in his cell in a prison, an inmate is quite limited in what he can say; his government jailor can impose speech-limiting regulations that are reasonably related to legitimate penological interests").

Furthermore, in his Complaint, Plaintiff names each Defendant in his official capacity only. A state actor sued in his or her official capacity is not a "person" for

purposes of 42 U.S.C. § 1983. The law is well established that a civil litigant cannot obtain monetary damages on a claim brought against state actors in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Accordingly, Plaintiff's claims against the Defendants for monetary damages in their official capacities fail.

In addition, the only injunctive relief Plaintiff requests is release from the ADC's Grimes Unit. Such relief is not available in an action brought under 42 U.S.C. § 1983. If Plaintiff seeks release from prison because his state conviction is unconstitutional or otherwise improper, his sole remedy is to file a federal habeas petition under 28 U.S.C. § 2254, after he has properly exhausted all of his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). If Plaintiff is simply requesting a transfer to another ADC facility, the Court lacks the authority to grant such relief. Prisoners do not have a constitutional right to be housed in, or transferred to, a particular prison unit. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999).

   C.   Due Process

To the extent that Plaintiff claims that Defendants violated his due process rights when they allegedly disciplined him wrongly for exercising his rights, this claim also fails. To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846

(8th Cir. 2003). Based on Plaintiff's allegations, the only conceivable deprivation is a potential liberty interest. In order to state a claim, however, Plaintiff must show that he suffered a restraint of liberty when he was assigned to punitive isolation. He bears the burden of proving that the restraint imposed is an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293(1995). Here, Plaintiff has failed to allege that his assignment to punitive isolation imposed such a hardship. In fact, Plaintiff fails to include any allegations describing his conditions while assigned to punitive isolation.

Furthermore, Plaintiff has no liberty interest in classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate does not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interest in particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D.Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of

due process as a result of a disciplinary two-step class reduction). Without an underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.[1]

## IV.   Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be dismissed in its entirety, this 4th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff claims that Defendant Malmay retaliated against him, this claim also fails. The Eighth Circuit Court of Appeals has stated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prison rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Here, Plaintiff has attached to his Complaint the disciplinary hearing action papers showing that he was disciplined for violating a prison rule.